IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARTTI RUONA,

    Plaintiff,

vs.

DEANNA McBRIDE, et al.,

    Defendants.

No. CIV S-05-2630 DFL KJM PS

ORDER AND

FINDINGS AND RECOMMENDATIONS

/

Defendant DMV's motion to dismiss came on regularly for hearing April 26, 2006. Plaintiff appeared in propria persona. Jim Phillips appeared for defendant DMV. Upon review of the documents in support and opposition,[1] upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

This is an action brought under 42 U.S.C. § 1983 for deprivation of due process plaintiff alleges he suffered in connection with his DMV records. Plaintiff seeks both injunctive relief and monetary damages. Defendant DMV moves to dismiss on the ground it is immune from suit under the Eleventh Amendment. Defendant's position is well taken. Unless a state has waived its Eleventh Amendment immunity or Congress has overridden it, a state cannot be sued

---

[1] Although titled an amended complaint, the document filed by plaintiff on April 12, 2006 is an opposition and contains no amended complaint. The docket will be corrected accordingly.

1

1  directly in its own name regardless of the relief sought. <u>Alabama v. Pugh</u>, 438 U.S. 781 (1978)
2  (per curiam ). In enacting section 1983, Congress did not abrogate the state's immunity. <u>Quern</u>
3  <u>v. Jordan</u>, 440 U.S. 332, 341 (1979). The State of California here has not waived its immunity.
4  The DMV, as an agency of the state, is likewise immune. Cal. Gov't Code § 900.6 (agencies
5  included in meaning of "State); Cal. Vehicle Code § 1500 (DMV is agency of State). Defendant
6  DMV's motion to dismiss should therefore be granted.[2]

7  Plaintiff has named two other defendants in the complaint. The docket reflects an
8  attempt to serve those individuals; however, service has not yet been properly made under
9  Federal Rule of Civil Procedure. Plaintiff is cautioned that this action may be dismissed if
10 service of process is not accomplished within 120 days from the date that the complaint is filed.
11 <u>See</u> Fed. R. Civ. P. 4(m). This action was filed December 28, 2005 and the 120 day time limit is
12 now passed. The court will, however, grant an additional sixty days for plaintiff to complete
13 service of summons. Failure to do so will result in a recommendation that the action be
14 dismissed.

15 At hearing on defendant's motion to dismiss, plaintiff requested appointment of
16 counsel. The United States Supreme Court has ruled that district courts lack authority to require
17 counsel to represent indigent plaintiffs in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490
18 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary
19 assistance of counsel based on 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017
20 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present
21 case, the court does not find the required exceptional circumstances. Plaintiff's request for the
22 appointment of counsel will therefore be denied.
23 /////
24 /////

---

[2] At hearing, counsel for the DMV offered to provide plaintiff the name and contact information for the DMV ombudsman, even though counsel has no legal obligation to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Within sixty days from the date of this order, plaintiff shall complete service of summons in accordance with Federal Civil of Procedure Rule 4 on the individual defendants;

2. This matter is set for status conference on August 30, 2006 at 10:00 a.m. in courtroom no. 26.  The parties shall submit to the court and serve by mail on all other parties, no later than seven days before the Status (Pretrial Scheduling) Conference, a status report addressing the following matters:

    a. Service of process;

    b. Possible joinder of additional parties;

    c. Any expected or desired amendment of the pleadings;

    d. Jurisdiction and venue;

    e. Anticipated motions and the scheduling thereof;

    f. The proposed discovery plan developed pursuant to Federal Rule of Civil Procedure 26(f);

    g. The potential for settlement and specific recommendations regarding settlement procedures and timing, including whether a settlement conference should be scheduled and if so when, and whether referral to the court's Voluntary Dispute Resolution Program (see Local Rule 16-271) is appropriate in this case;

    h. Future proceedings, including setting appropriate cutoff dates for discovery and law and motion and the scheduling of a pretrial conference and trial;

    i. Modification of standard pretrial procedures specified by the rules due to the relative simplicity or complexity of the action or proceedings;

j. Whether the case is related to any other case, including matters in bankruptcy;

k. Whether the parties will stipulate to the magistrate judge assigned to this matter acting as settlement judge and waiving any disqualifications by virtue of her so acting, or whether they prefer to have a Settlement Conference before another judge;

l. Any other matters that may add to the just and expeditious disposition of this matter;

3. Plaintiff's motion for appointment of counsel is denied without prejudice;

4. The Clerk of Court is directed to correct the entry for docket no. 12 to reflect opposition only (no amended complaint) was filed; and

IT IS HEREBY RECOMMENDED that defendant DMV's motion to dismiss be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 28, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

006
ruona.57